UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER DAVID SCHIFF,
22 The Estates
Dorado Beach, PR 00646

*Plaintiff,*

v.

INTERNAL REVENUE SERVICE
1111 Constitution Avenue Northwest
Washington, DC 20224

*Defendant.*

Civil Action No. 24-2230

**COMPLAINT**

Plaintiff, Peter David Schiff ("Plaintiff"), brings this judicial review and action against Defendant, Internal Revenue Service ("Defendant" or "IRS" or "agency" ). In support thereof, Plaintiff states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through FOIA, Plaintiff seeks the production and release of all records responsive to Plaintiff's October 24, 2023, and June 14, 2024, FOIA requests.

3. Plaintiff's October 24, 2023, request seeks records related to a press conference held in Puerto Rico on June 30, 2022, which involved agency officials. The best representation

of Plaintiff's October 24, 2023, request is the properly submitted request, attached and made part of this Complaint as Exhibit 101.

4. Plaintiff's June 14, 2024, request seeks all records in the agency's possession that relate to Plaintiff's business activities starting from January 1, 2020. The best representation of Plaintiff's June 14, 2024, request is the properly submitted request, attached and made part of this Complaint as Exhibit 105.

5. Defendant has violated the FOIA by failing to issue a final determination within the statutory timeframe, failing to conduct a reasonable search, and by failing to release the responsive, non-exempt records according to law.

6. Plaintiff has exhausted all administrative remedies with respect to the October 24, 2023, and the June 14, 2024, FOIA requests.

## PARTIES

7. Plaintiff, Peter David Schiff, is the former president of Euro Pacific International Bank, with a principal place of business and residence in Puerto Rico. Plaintiff made the requests at issue in this judicial review on October 24, 2023, and June 14, 2024.

8. Defendant, Internal Revenue Service, is an agency within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff, upon knowledge and belief, alleges that Defendant has possession and control of the records responsive to these requests.

## JURISDICTION AND VENUE

9. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and (a)(6)(C)(i). This case presents a federal question that confers jurisdiction on this Court. *See* 28 U.S.C. § 1331 and 28 U.S.C. §1346.

10. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Plaintiff's October 24, 2023, FOIA Request: 2024-01607

11. On October 24, 2023, Plaintiff submitted a FOIA request to Defendant for records concerning a media conference. Plaintiff's FOIA request stated, *inter alia*:

    On Thursday, June 30 2022, at 3:45 p.m. in San Juan, Puerto Rico, the IRS on behalf of the J5, hosted a press conference. In attendance were Simon York, Chief and Director of Her Majesty's Revenue and Customs (HRMC) Fraud Investigation Service, Will Day, Deputy Commissioner of the Australian Taxation Office, US Chief Jim Lee and OCIF Director Natalia Zequeira Diaz.

    This press conference immediately followed another press conference held by OCIF that began at 3 PM. I already have a video recording of the first press conference.

    Please provide any audio or video recordings of the second press conference, if they exist. Also, please provide a written transcript of everything said by the listed speakers during their prepared remarks, as well as any questions and answers with reporters who were in attendance.

    Also, I would like a list of all reporters who were in attendance. I believe any in-person attendees registered with Justin Cole, email address Justin.Cole@ci.irs.gov. Plus, I would like the names and contact details of anyone who was sent a media alert related to this press conference. The IRS sent out a media alert about this conference on behalf of the J5 cover.

    Also, I would like copies of any material related to this press conference that may have been posted to www.IRS.gov/J5.

    Finally, I would like all email or text correspondences between the parties involved in the press conference that relate to arranging the press conference, or where the press conference was discussed, both before or after it occurred.

    Ex. 101.

12. Defendant issued a final determination on the request on or about March 28, 2024.

    Exhibit 102 is the Final Determination on Request 2024-01607, and it is attached and

made part of this Complaint. Defendant stated that it had located 335 pages responsive to the request and released 53 pages—two in their entirety and 51 withheld in part. *Id.* 282 pages were withheld in full. *Id.* Defendant asserted FOIA Exemptions 3, 5, 6, 7(A), 7(C). 7(E). *Id.*

13. Defendant advised Plaintiff of his right to appeal. *Id.*

14. Plaintiff administratively appealed the determination on May 13, 2024. Exhibit 103 is the Administrative Appeal of Request 2024-01607, and it is attached and made part of this Complaint.

15. On June 12, 2024, Defendant acknowledged receipt of Plaintiff's appeal on May 21, 2024, and issued its denial of the appeal. Exhibit 104 is the Appeal Determination on Request 2024-01607, and it is attached and made part of this Complaint.

16. On July 1, 2024, Defendant informed Plaintiff that it had reopened the request and planned to give a final response on July 29, 2024. Exhibit 111 is Defendant's July 1, 2024, Letter, and it is attached and made part of this Complaint. The agency did not cite any statutory authority for this reconsideration. *Id.* Nor did it ask for Plaintiff's consent to do so. *Id.*

17. On July 29, 2024, Defendant sent Plaintiff a letter explaining that it required more time to complete its reconsideration. Exhibit 112 is Defendant's July 29, 2024, Letter, and it is attached and made part of this Complaint. The agency did not cite any statutory authority for the extension. *Id.*

18. On July 29, 2024, Plaintiff responded to Defendant, stating that he did not agree to any extension of time, that the agency was in violation of FOIA, and that, having exhausted

all administrative remedies, he would be filing a judicial review. Exhibit 113 is Plaintiff's July 29, 2024, Email to Defendant, and it is attached and made part of this Complaint.

19. Plaintiff has exhausted his administrative remedies with respect to request 2024-01607.

**Plaintiff's June 14, 2024, FOIA Request: 2024-19130**

20. On June 14, 2024, Plaintiff submitted a FOIA request to Defendant for records concerning Plaintiff's business dealings and related media discussions. Plaintiff requested:

- All records, including communications and notes, describing or mentioning Peter Schiff;
- All records, including communications and notes, describing Euro Pacific International Bank, or Euro Pacific Bank, and which mention Peter Schiff;
- All records, including communications and notes, describing or mentioning the Joint Chiefs of Global Tax Enforcement (J5) and which mentions Peter Schiff;
- All records, including communications and notes, describing or mentioning The Atlantis Investigation, AKA Operation Atlantis;
- All records, including communications and notes, describing or mentioning Euro Pacific International Bank Inc.;
- All records, including communications and notes, describing or mentioning Euro Pacific Bank;
- All records, including communications between any IRS employee and any Employee of OCIF, or any of the other J5 Nations;
- All records, including communications between the IRS and Luke Rosiak of the Daily Wire;
- All records, including communications that relate to Australia 60 Minutes or the Age;
- All records, including communications and notes, describing or mentioning communications between any IRS employee and the Office of the Commissioner of Financial Institutions (OCIF) of the Government of Puerto Rico and which mentions Peter Schiff;
- All records, including communications and notes, describing or mentioning communications between any IRS employee and any tax authority of the United Kingdom and which mentions Peter Schiff;
- All records, including communications and notes, describing or mentioning communications between any IRS employee and any tax authority of Australia and which mentions Peter Schiff;

- All records, including communications and notes, describing or mentioning communications between any IRS employee and any tax authority of Canada and which mentions Peter Schiff;
- All records, including communications and notes, describing or mentioning communications between any IRS employee and any tax authority of The Netherlands and which mentions Peter Schiff;
- All records, including communications and notes, describing or mentioning communications between any IRS employee and the Office of the Commissioner of Financial Institutions (OCIF) of theGovernment of Puerto Rico and which mentions Euro Pacific International Bank Inc.;
- All records, including communications and notes, describing or mentioning communications between any IRS employee and any tax authority of the United Kingdom and which mentions Euro Pacific International Bank Inc.;
- All records, including communications and notes, describing or mentioning communications between any IRS employee and any tax authority of Australia and which mentions Euro Pacific International Bank Inc.;
- All records, including communications and notes, describing or mentioning communications between any IRS employee and any tax authority of Canada and which mentions Euro Pacific International Bank Inc.;
- All records, including communications and notes, describing or mentioning communications between any IRS employee and any tax authority of The Netherlands and which mentions Euro Pacific International Bank Inc.;
- All records, documents, or communications prepared by, received by, or maintained by the IRS which mention any of the the following terms:
  - Peter Schiff
  - Euro Pacific International Bank Inc.
  - Euro Pacific Bank
  - Joint Chiefs of Global Tax Enforcement
  - J5
  - Atlantis
  - The Atlantis Investigation
  - Operation Atlantis
  - Office of the Commissioner of Financial Information
  - OCIF
  - The tax authority, or authorities, of the following countries:
    - United States
    - United Kingdom
    - Australia
    - Canada
    - Netherlands

Ex. 105.

21. The timeframe of the request was January 1, 2020, through the time that the agency conducts an adequate search for responsive records. *Id.*

22. Defendant acknowledged receipt of the request on June 14, 2024, and assigned Request Number 2024-19130. Exhibit 106 is Defendant's Acknowledgement of Request 2024-19130, and it is attached and made part of this Complaint.

23. On June 21, 2024, Defendant asked Plaintiff to clarify his request. Exhibit 107 is Defendant's Interim Response Letter on Request 2024-19130, and it is attached and made part of this Complaint.

24. On June 28, 2024, Plaintiff responded to Defendant's request, indicating that Defendant failed to provide any metric by which Plaintiff could reasonably modify his request. Exhibit 108 is Plaintiff's June 28, 2024, Clarification Letter on Request 2024-19130, and it is attached and made part of this Complaint. Plaintiff further averred that the original request was satisfactory as stated. *Id.*

25. On July 2, 2024, Defendant requested additional information from Plaintiff. Exhibit 109 is Defendant's July 2, 2024, Email Re Request 2024-19130, and it is attached and made part of this Complaint.

26. Plaintiff replied to Defendant on July 9, 2024, providing additional information on the request, without narrowing the scope of the original request. Exhibit 110 is Plaintiff's Second Clarification Letter on Request 2024-19130, and it is attached and made part of this Complaint.

27. Plaintiff has received no further communication from Defendant since Plaintiff submitted his latest response on July 9, 2024.

28. Provided that Defendant permissibly tolled its 20-day working period between June 21, 2024, and July 2, 2024, per 5 U.S.C. § 552(a)(6)(A)(ii), Defendant has violated FOIA's statutory timeline by failing to issue a final determination within 20 working-days, i.e. by July 24, 2024.

29. Plaintiff has constructively exhausted all administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

## LEGAL FRAMEWORK OF FOIA

30. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

31. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. §552(a)(4)(B).

32. Under FOIA, a federal agency has the burden to sustain its actions. *Id.*

33. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

**COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD**

34. Plaintiff realleges paragraphs 1 through 33 above as if fully set forth herein.

35. The requests in this matter seek the disclosure of all agency records responsive to Plaintiff's request and were properly made.

36. Defendant, IRS, is a federal agency and subject to FOIA.

37. Included within the scope of the requests are one or more records that are not exempt from FOIA.

38. Defendant has failed to issue a final determination within the statutory deadline with respect to requests 2024-01607 and 2024-19130.

## COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH

39. Plaintiff realleges paragraphs 1 through 38 above as if fully set forth herein.

40. Defendant has failed to conduct a reasonable search for all records responsive requests 2024-01607 and 2024-19130.

## COUNT III – DEFENDANT'S FAILURE TO RELEASE RECORDS

41. Plaintiff realleges paragraphs 1 through 40 above as if fully set forth herein.

42. Defendant has failed to promptly release all records responsive to requests 2024-01607 and 2024-19130.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests this Court to:

i. Declare that Defendant violated FOIA;

ii. Order Defendant to conduct a reasonable search for records;

iii. Order Defendant to issue a determination;

iv. Order Defendant to promptly release to Plaintiff all non-exempt responsive records or portions of records;

v. Enjoin Defendant from withholding all non-exempt public records under FOIA;

vi. Award Plaintiff reasonable attorney fees and costs; and

vii. Award such other relief the Court considers appropriate.


Dated:  July 30, 2024

RESPECTFULLY SUBMITTED,

*/s/ C. Peter Sorenson*
C. Peter Sorenson
DC Bar #438089
Senior Attorney
Sorenson Law LLC
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com

And

*/s/ Gianina Jospehine Spano*
Gianina Jospehine Spano
DC Bar #OR0029
Associate Attorney
Sorenson Law LLC
PO Box 10836
Eugene, OR 97440
(541) 321-8328
gianina@sorensonfoialaw.com

*Counsel for Plaintiff*