**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER DAVID SCHIFF,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Civil Action No. 1:24-cv-02230 (TNM) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR RECONSIDERATION**

## TABLE OF CONTENTS

**INTRODUCTION**..........5

**LEGAL STANDARDS**..........6

**ARGUMENT**..........6

I. The Court properly ruled that Plaintiff's second FOIA request reasonably describes the records he seeks..........6

II. The Court properly ruled that Defendant must release records withheld under FOIA Exemptions 5 and 7 as to Plaintiff's first FOIA request..........8

III. The Case has not Concluded..........10

**SUMMARY - NO REASON TO DISTURB COURT'S OPINION BUT CASE SHOULD MOVE FORWARD AT THE DISTRICT COURT LEVEL**..........12

## TABLE OF AUTHORITIES

**Cases**

*Dep't of Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976)........................................................................................................5

*Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006)…………….............................6

*Firestone v. Firestone ("Firestone")*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)........................6

*Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013), aff'd,

782 F.3d 9 (D.C. Cir. 2015)..................................................................................................6

*Truitt v Department of State*, 897 F.2d 540, 544-545 (D.C. Cir. 1990)...........................7, 8

*Yeager v. DEA*, 678 F.2d 315, 322, 326 (D.C. Cir. 1982)...................................................7

*Cable News Network v. FBI*, 271 F. Supp. 3d 108, 112 (D.D.C. 2017).............................8

*Founding Church of Scientology v. NSA,* 610 F.2d 824, 836-37 (D.C.Cir.1979) ...............8

*Nation Magazine v Customs Service*, 71 F.3d 885, 892 (D.C. Cir. 1995)...........................8

*Citizens for Resp. & Ethics in Wash. v. DOJ*, 746 F.3d 1082,1098 (D.C. Cir. 2014)..........9

*Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012)...............................................11

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008)...........................................11

*Green v Department of Commerce*, 618 F.2d 836 (D.C. Cir. 1980)..................................11

*Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).........11

*Citizens for Responsibility and Accountability and Ethics in Washington v Department of*

*Homeland Security*, 532 F.3d 860 (D.C. Cir. 2008).........................................................11

*Chaplaincy of Full Gospel Churches v. England,* 454 F.3d 290, 296 (D.C. Cir. 2006).....................................................................................................................11

*McSurely v. McClellan,* 697 F.2d 309, 315 (D.C. Cir. 1982)............................................11

**Statutes**

5 U.S.C. § 552(a)(3)........................................................................................7, 8
Freedom of Information Act (FOIA)....................................................................passim
5 U.S.C. § 552(b)(7)(A)........................................................................................9
5 U.S.C. § 552(b)(7)(E)........................................................................................9
28 U.S.C. § 1291 (1976)........................................................................................11
5 U.S.C. § 552(b)................................................................................................12

**Other Authorities**

Fed. R. App. P. 4(a)........................................................................................5, 10

Fed. R. Civ. P. 59(e) ......................................................................................6, 11

## INTRODUCTION

Because Defendant is attempting to re-litigate the Court's Memorandum Opinion, Plaintiff opposes and urges the Court to deny Defendant's Motion for Reconsideration [ECF No. 27]. A proposed Order is attached. It is fundamentally unfair to Plaintiff — an individual American — to be forced, once again, to defend against the seemingly unlimited power of Defendant to continue litigating this case. The defendant had ample opportunity and resources to get it right the first time. They don't get a mulligan.

Pursuant to a Minute Order, the parties to this Freedom of Information Act ("FOIA") judicial review both filed competing Motions for Summary Judgment. Defendant, bearing the burden of proof and persuasion, filed its Motion for Summary Judgment and Plaintiff filed his Cross - Motion for Summary Judgment. The Court issued the Memorandum Opinion ("Mem. Op.") [ECF No. 24] and Court Order [ECF No. 25].

In a judicial review under FOIA, a Court must evaluate the public interest. This interest must be assessed in light of FOIA's central purpose: "to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976).

On March 25, 2026, this Court entered an Order that contained the following relevant portions:

> "ORDERED that the IRS shall, consistent with the Court's Memorandum Opinion, process Schiff's first FOIA request by releasing records previously withheld under Exemptions 5, 7(A), and 7(E); it is further ORDERED that the IRS shall, consistent with Court's Memorandum Opinion, proceed with its search of Schiff's second FOIA request except with respect to item 20k and produce the requested documents." Order [ECF No. 25].

The Court concludes its Order: "This is a final, appealable order. See Fed. R. App. P. 4(a). The Clerk of Court is requested to close this case."

In response, Defendant filed its Motion for Reconsideration [ECF No. 26]. Plaintiff files his Opposition to Defendant's Motion for Reconsideration [filed herein].

## LEGAL STANDARDS

Defendant, citing Rule 59(e) of the Federal Rules of Civil Procedure, moved the Court for reconsideration of its Order, which the Court has stated is final. Rule 59(e) permits a party to file a motion to alter, amend, or reconsider a judgment within twenty-eight days of the judgment's entry. While no judgment has been entered by the Court or the Clerk, Rule 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the Judgment."

To prevail on a Rule 59(e) motion, the moving party must identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone ("Firestone")*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "Manifest injustice" requires "at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013), aff'd, 782 F.3d 9 (D.C. Cir. 2015).

Plaintiff is unaware of an intervening change of controlling law or the availability of new evidence. There is no clear error or a need to prevent manifest injustice.

## ARGUMENT

I. The Court properly ruled that Plaintiff's second FOIA request reasonably describes the records he seeks

Defendant’s reason for seeking reconsideration of the Court’s determination is Defendant’s view that the Court has misapplied the controlling law of FOIA’s requirement that a request “reasonably describe” the records sought. 5 U.S.C. § 552(a)(3).

*Truitt v Department of State*, 897 F.2d 540, 544-545 (D.C. Cir. 1990), recounts the legislative history as follows:

> With exceptions inapposite here, Section 3(a)(3) of FOIA specifies that each agency,upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.
>
> The language "request for records which ... reasonably describes such records" was inserted in 1974 in replacement of the words "request for identifiable records," the terminology of Section 3 as originally enacted in 1967. Although the committee reports in both houses of Congress had declared that a "request for identifiable records" involved no more than a reasonable description enabling agency personnel to locate the records sought, and had warned that the 1967 statutory formulation was "not to be used as a method for withholding," the 1974 Senate Report noted that "cases nonetheless have continued to arise where courts have felt called upon to chide the government for attempting to use the identification requirements as an excuse for withholding documents." The Report cited as examples two decisions in this circuit, and another in which "the government had the temerity to argue that the request being resisted was not for `identifiable' records, even though the court specifically found that the agency in question had known all along precisely what records were being requested." The Report emphasized that "[w]hile the committee does not intend by this change to authorize broad categorical requests where it is impossible for the agency reasonably to determine what is sought, ... it nonetheless believes that the identification standard in the FOIA should not be used to obstruct public access to agency records." The 1974 substitution of language, the Report explained, "makes explicit the liberal standard for identification that Congress intended and that courts have adopted, and should thus create no new problems of interpretation." [footnotes omitted.]”

The Court of Appeals for the District of Columbia Circuit has held that the key to determining whether a request satisfies the first requirement is the ability of agency staff to reasonably ascertain exactly which records are being requested and to locate them. See, e.g., *Yeager v. DEA*, 678 F.2d 315, 322, 326 (D.C. Cir. 1982) (holding request encompassing over

1,000,000 computerized records to be valid because "[t]he linchpin inquiry is whether the agency is able to determine precisely what records [are] being requested'").

Here, the District Court, in its opinion, concerning almost all of the items in Plaintiff's second request, reviews a number of Plaintiff's enumerated requests. Mem Op at 16 - 17. The Court concludes, after reviewing the declarations submitted, "This differentiates Schiff's case from those that, for example, seek documents that "regard [] in any way" a certain subject. Id. (rejecting a request seeking all documents "referencing or regarding in any way" eight topics about immigration); *Cable News Network v. FBI*, 271 F. Supp. 3d 108, 112 (D.D.C. 2017) (dismissing a request for records that "relate in any way to" certain subject areas)." Mem Op at 17.

Although a requester must "reasonably describe [ ]" the records sought, 5 U.S.C. § 552(a)(3), an agency also has a duty to construe a FOIA request liberally. *Truitt* (citing Senate Report accompanying relevant provision of FOIA); *Founding Church of Scientology v. NSA,* 610 F.2d 824, 836-37 (D.C.Cir.1979).

Agencies bear the burden of demonstrating that the time and expense of conducting the search would be unreasonably burdensome. *Nation Magazine v Customs Service*, 71 F.3d 885, 892 (D.C. Cir. 1995) (requiring agencies to "provide sufficient explanation as to why [the] search would be unreasonably burdensome"). Here, Defendant has provided no such information to the Court or Plaintiff.

II. The Court properly ruled that Defendant must release records withheld under FOIA Exemptions 5 and 7 as to Plaintiff's first FOIA request

Concerning the search for records in response to Plaintiff's first request, the Court concludes the search was adequate. Mem. Op. [ECF No. 24]. On the first request, Plaintiff does

not challenge the Court's decision on Defendant's adequacy of search. However, the Court ruled against Defendant's claim that the exemptions were sustained. In the Memorandum Opinion [ECF No. 24] the Court reviews each of the Defendant's claimed exemptions.

First up is Exemption 5, the deliberative process privilege. The Court reviews the standards and the declaration submitted by Defendant. The Court concludes, "the IRS has failed to tether several to any such deliberative process. It makes no difference that some entries refer to "drafts" or items that may more obviously fall under the deliberative process umbrella, see, e.g., Vaughn index at 37, entry 345." Mem. Op. at 10.

Next up is Exemption 7(A), which allows an agency to withhold "records that could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). The Court examines Defendant's declaration and Vaughn Index and concludes, "'[V]ague'TK descriptions about "ongoing investigations" TK are not enough. See *Citizens for Resp. & Ethics in Wash. v. DOJ*, 746 F.3d 1082, 1098 (D.C. Cir. 2014). Mem. Op. at 13.

Finally, the Court reviews the Defendant's claim under Exemption 7(E). This provision allows agencies to withhold "information compiled for law enforcement purposes" when release of that information "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The Court, after reviewing the case law and Defendant's declaration and Vaughn Index, concludes: "All its brief adds is a gesture to records allegedly showing updates to personnel and operational procedures in the criminal investigations unit without a clear citation to those records, much less a justification for their nondisclosure separate from the statutory language." Def.'s Mot. at 17. Mem. Op. at 14.

III. The Case Has Not Concluded

In its Order, the Court stated, "This is a final, appealable order. See Fed. R. App. P. 4(a). The Clerk of Court is requested to close this case." [ECF No. 25]. There was no discussion on this topic in the Memo. Op.[ECF No. 24]. Defendant contends that the Order should not be final. Plaintiff contends that only the portions of the Court's Order, "This is a final, appealable order," and "The Clerk of the Court is requested to close the case," should be stricken from the order. There should be no interlocutory appeal. Plaintiff notes that the heart of the Court's order is that:

1) On Plaintiff's First Request, that the Defendant conducted an adequate search, which is required by the Freedom of Information Act;
2) On Plaintiff's First Request, that the Defendant shall release all documents, consistent with the exemptions contained in the Freedom of Information Act to Plaintiff; and
3) On Plaintiff's Second Request, that the Defendant shall search for and release all documents consistent with the exemptions contained in the Freedom of Information Act to Plaintiff.

Plaintiff does not contest the Court's decision that the Defendant did conduct an adequate search on Plaintiff's first request. However, to date, Defendant has completed none of the above-mentioned items in the Court's Order. Defendant made a partial release of records on April 28, 2026, and Plaintiff has not yet had an opportunity to review and study those records. Plaintiff has the right to expect the Defendant to fully comply with the Court Order, and Plaintiff has a right to make subsequent Motions in this Court, if necessary, to make certain that Defendant fully complies. Plaintiff urges the Court to consider the case not finished and urges the

Court to withdraw the request to the Clerk to close the case, and withdraw the allowance of an interlocutory appeal.

Plaintiff wants the case to continue in the District Court, as there are a number of matters that cannot be brought in the District Court if the case is “closed,” as the Court order requests. [ECF No. 25]. "Rule 59(e) does not provide a vehicle to ‘relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Under the prevailing rulings of the Circuit, most notably Green and CREW, it is doubtful that the Defendant will be allowed to appeal this case at this time. *Green v Department of Commerce*, 618 F.2d 836-839 (D.C. Cir. 1980) contains a paragraph which should guide the Court here:

> Subject to certain exceptions, the federal Courts of Appeals are limited in their jurisdiction to review of "final decisions of the district courts * * *." 28 U.S.C. § 1291 (1976).[10] The order under review here is not such a "final decision." It cannot be characterized as "final" in the sense of being an order that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). On the contrary, the District Court has not yet determined whether to order release of any documents sought by appellees. The court has merely heard and rejected two of the Department's legal defenses.

In addition, the Circuit held in *Citizens for Responsibility and Accountability and Ethics in Washington v Department of Homeland Security*, 532 F.3d 860, 862 (D.C. Cir. 2008):

> Here, however, the district court's order is not final; it merely denied the government's motion for summary judgment, and "as a general rule, we lack jurisdiction to hear an appeal of a district court's denial of summary judgment,
>
> partial or otherwise." *Chaplaincy of Full Gospel Churches v. England,* 454 F.3d 290, 296 (D.C. Cir. 2006). "This rule prevents piecemeal litigation and eliminates delays occasioned by interlocutory appeals," *McSurely v. McClellan,* 697 F.2d 309, 315 (D.C. Cir. 1982), and we see no reason to

> depart from it here. The government has yet to claim the right to withhold the requested records under any of FOIA's nine exemptions. *See* 5 U.S.C. § 552(b) (listing exemptions).

At this stage in the proceedings, Plaintiff will oppose Defendant's apparent plan to appeal this case, as the Circuit Court does not have jurisdiction to hear an appeal. For the Defendant to have the right to "piecemeal" wear down Plaintiff with an appeal, when there are so many remaining issues for the District Court to address, is unfair. As things stand, with the case "closed," it is unfair to, in effect, force the Plaintiff to reinitiate the entire process, including starting a completely new judicial review on the remaining issues. In the interest of judicial economy, these issues are best left with the District Court to oversee until the matters have concluded and a judgment of the Court can be entered.

**SUMMARY - NO REASON TO DISTURB COURT'S OPINION, BUT CASE SHOULD MOVE FORWARD AT THE DISTRICT COURT**

Plaintiff notes the Court concisely lists its holdings in its Opinion as follows:

> "In sum, the Court holds:
>
> • that the IRS performed an adequate search in response to Schiff's first request;
>
> • that the IRS fell short of its burden to show FOIA Exemptions 5, 7(A), and 7(E) Applied;
>
> • That Schiff's last item in his second request (item 20k.) was too vague and did not merit a search, but Schiff's second request otherwise reasonably described the records he sought." Mem. Op. at 20 [ECF No. 24].

Defendant, other than not approving of the Court's ruling or application of facts to the statutory and case law, has attempted to relitigate the case and has presented no compelling reasons to have the Court revisit or reconsider the major findings of the Court's Memorandum Opinion.

The Court's Order's announcement of finality is another matter. For the foregoing reasons, Plaintiff urges the Court to deny Defendant's Motion for Reconsideration but continue oversight of the remaining issues, delete the request to the Clerk to close the case, delete the statement that the order is final, and allow Plaintiff further pursuit of rights in this Court. Plaintiff will evaluate and, if necessary, contest the release of records in response to the first request and, if necessary, contest the adequacy of the search and release of records in response to the second request. Plaintiff urges the Court to require the parties to confer on the next steps forward to implement the heart of the Court's Order and submit a Joint Status Report to the Court at a date certain.

Dated: This 5th day of May, 2026

Respectfully submitted,

/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar #438089
& Oregon Bar #824014
Sorenson Law LLC
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com

*Attorney for Plaintiff*