**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **PETER DAVID SCHIFF**, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-2230 (TNM) |
| **INTERNAL REVENUE SERVICE**, | |
| Defendant. | |

## MEMORANDUM OPINION

The Court recently granted in part and denied in part both the Internal Revenue Service's

Motion for Summary Judgment, and Peter Schiff's Cross Motion for Summary Judgment.

Order, ECF No. 25.  The Court ruled for the IRS on the adequacy of its search in response to

Schiff's first Freedom of Information Act request, but it otherwise granted Schiff's motion.

*Schiff v. IRS*, No. 1:24-cv-2230, ---F. Supp. 3d---, 2026 WL 820437, at *10 (D.D.C. March 25,

2026).  It determined first that the IRS failed to meet its burden to show a FOIA exemption

applied to material its search turned up, and second that Schiff reasonably described the

materials he sought in his second request.  *Id.*  Now, the IRS asks the Court to reconsider its

decision on these scores.  Mot. for Recon. at 11, 16, ECF No. 27-1.  Schiff opposes.  Opp'n to

Mot. for Recon. ("Opp'n") at 6, 8, ECF No. 28.  The IRS separately asks the Court to amend its

Order to instruct the IRS to produce only non-exempt material responsive to Schiff's second

request and remove its characterization of the case as final.  Mot. for Recon. at 10.  Schiff does

not oppose that limitation and likewise asks the Court for continued supervision of the case.

Opp'n at 10.

The Court declines to reconsider its decision on the first two points but makes a minor

adjustment to its Order considering the third.  Both the IRS and Schiff understand the IRS's production obligation to cover only non-exempt records, and both seek this Court's continued role in the case.  The Court heeds the request of both parties and requires the release of non-exempt material for Schiff's second search and no longer characterizes the Order as final.  It otherwise denies the IRS's requests.  The Court thus grants in part and denies in part the motion for reconsideration.

## I.

The background of Schiff's FOIA requests and the IRS's responses is detailed in the Court's Memorandum Opinion and will largely not be recapitulated here.  The IRS's reconsideration request concerns three features of the Court's disposition of the case.  It challenges the Court's holdings: (1) that its decision constituted a final, appealable order; (2) that Schiff's second FOIA request reasonably described the record he seeks; and (3) that the IRS must produce material that it unsuccessfully claimed FOIA exemptions 5 and 7 shielded from disclosure.  Mot. for Recon. at 10–11, 16.  As detailed below, only the first of these objections provides grounds for relief.

District courts deciding motions for reconsideration under Federal Rule of Civil Procedure 59(e) have "considerable discretion" and, in this circuit, "may grant a motion . . . under three circumstances only: (1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended to correct a clear error or prevent manifest injustice." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (cleaned up).  The reconsideration of a judgment is "an extraordinary measure" which should "not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (cleaned up).  Manifest injustice requires

the moving party to show that it suffers "clear and certain prejudice" that "is fundamentally unfair in light of governing law." *Id.* (cleaned up).

Most of the IRS's request presents no circumstance justifying reconsideration. To start, its motion is too long. The Court's Standing Order explains that "[m]otions for reconsideration of prior rulings . . . **shall not exceed ten pages in length**." Standing Order ¶ 15, ECF No. 3 (emphasis in original). The IRS's 22-page submission flouts that rule. This deficiency independently justifies denial. *See* Standing Order ¶ 15 (warning that motions "not in compliance" with the Standing Order "may be stricken"); *cf. Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing "that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

In any case, the bulk of the IRS's arguments prove unpersuasive.

*First*, consider the IRS's contention that the Court erred in holding that Schiff reasonably described the records he sought. It argues that Schiff submitted an unreasonably burdensome search request and cites *National Security Counselors v. CIA*, 969 F.3d 406 (D.C. Cir. 2020), as support. This tack fails twice over. To start, *National Security Counselors* held that a search for all records "pertaining to the IBM supercomputer named 'Watson'" was too burdensome to merit a search. *Id.* at 410. The IRS likens a search for "Watson" to a search for "Peter Schiff" and claims Schiff's request should similarly fail. Mot. for Recon. at 12. But "Watson" is the name of an entire computer system, not the name of one individual. *Nat'l Sec. Couns.*, 969 F.3d at 410. The Watson search thus covered far more material. More (and as the Court explained in its memorandum opinion), the IRS forfeited the argument that Schiff's request imposed an unreasonable burden. *Schiff*, 2026 WL 820437, at *8 (explaining that the IRS focused only on the specificity of Schiff's request, distancing itself from the argument that his request posed an

undue burden).  Even if a search for Watson and a search for Peter Schiff were similar, then, the IRS's newly developed argument would still come too late.

The only other arguments that the IRS mounts on this score merely rehash the notion that Schiff's request was "too broad" and unclear—an argument the Court already rejected and thus will not reconsider.  Mot. for Recon. at 15; *Kennedy v. District of Columbia*, 145 F. Supp. 3d 46, 49 (D.D.C. 2015) ("A motion for reconsideration should therefore be denied when it merely asserts arguments for reconsideration [that] the court has already rejected on the merits." (cleaned up)).  The IRS's disagreement with this Court's decision is not grounds for reconsideration.

*Second*, the IRS claims the Court erred in ordering the release of records withheld under FOIA exemptions 5 and 7.  Mot. for Recon. at 16.  It points to examples of courts ordering agencies to provide more declarations or evidence that an exemption applies.  *See, e.g.*, *Heartland All. for Hum. Needs & Hum. Rts. v. U.S. Immigr. & Customs Enf't*, 406 F. Supp. 3d 90, 124 (D.D.C. 2019); *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 596 F. Supp. 3d 130, 138–39 (D.D.C. 2022).  It also supplies additional declarations with its motion.  *See* Day Decl., ECF No. 27-3.  But the IRS already provided an index and declaration purporting to justify the exemptions on its first go at summary judgment.  The Court will not afford the IRS a second bite at the apple.  *See Hum. Rts. Def. Ctr. v. U.S. Park Police*, 126 F.4th 708, 717 (D.C. Cir. 2025) (rejecting agency's request for a remand to "develop the record" on foreseeable harm after holding that agency's foreseeable harm showing was "inadequate," and ordering agency to remove contested redactions).  In fact, this circuit's presumption of transparency governing FOIA cases cuts against the notion that agencies may repeatedly seek summary judgment until they eventually justify withholding relevant material.  *See Nat'l Ass'n of Home Builders v.*

4

*Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002) ("At all times courts must bear in mind that FOIA mandates a strong presumption in favor of disclosure." (cleaned up)).

More, not only did the IRS largely fail in its motion for summary judgment, but Schiff succeeded in his cross motion for much of his requested documents to be produced. The Court thus did not merely disagree with the IRS, it agreed with Schiff. *Cf. CREW v. DHS*, 532 F.3d 860, 862, 868 (D.C. Cir. 2008) (denying an agency summary judgment with no corresponding cross motion). The IRS may appeal the Court's Order at the appropriate time or comply with it. The IRS may not just seek a redo on its own motion. Because the IRS did not carry its burden to show either than an exemption applied or that disclosure risks foreseeable harm, summary judgment to Schiff on these points was and remains appropriate.

* * *

The IRS's remaining request—that the Court reconsider the portion of its Order instructing the IRS to turn over documents responsive to Schiff's second request—prompts a modest adjustment. Because the IRS has not yet run a search for the items on Schiff's second request, it has not yet had occasion to determine whether exemptions apply to that material. For this reason, the IRS asks the Court's to order the production of only "non-exempt" material. It will do so. While the IRS arguably forfeited this opportunity by its failure to rebut Schiff's motion on this topic, he also seeks a modification here and asks the Court to continue to supervise the IRS's compliance. Opp'n at 10. Like the IRS, he asserts that the "case has not concluded" and describes the "heart" of the Court's Order as requiring the IRS to release documents responsive to his second search "consistent with the exemptions" in FOIA. *Id.*; c*f. Leopold v. CIA*, 987 F.3d 163, 169 (D.C. Cir. 2021) (explaining that a district court's order denying a *Glomar* response was not final because the contents of the records "may be exempt

5

from disclosure"). Thus, the Court will adjust its Order to require the production of non-exempt material. This change renders the Court's Order non-final. *See Leopold*, 987 F.3d at 169.

To sum up, the substance of the Court's summary judgment disposition still stands. The IRS may not mount a second challenge to shield items in Schiff's first request after failing to show exemptions applied, and it may not reargue that Schiff submitted an unreasonable second request. But regarding the remedy for Schiff's second request, the IRS need only produce non-exempt material.

For these reasons, the Court will grant the Motion for Reconsideration in part and deny it in part. An amended Order will issue.

**SO ORDERED**.

Dated: June 12, 2026

TREVOR N. McFADDEN, U.S.D.J.